IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ERIC CHATMON,

        Plaintiff,                    No. CIV S-05-2317 DFL DAD P

   vs.

DENTON, et al.,

        Defendants.          ORDER

                        /

          Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

          Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $0.70 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1  preceding month's income credited to plaintiff's prison trust account. These payments will be
2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
3  account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
6  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief. 28
9  U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
14  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.

17          A complaint, or portion thereof, should only be dismissed for failure to state a
18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19  of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
20  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
21  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
22  complaint under this standard, the court must accept as true the allegations of the complaint in
23  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26  /////

Here, plaintiff claims that he has received inadequate medical care for bloody stools and constipation while incarcerated at High Desert State Prison and that he has been retaliated against because of prison grievances he has filed.  Plaintiff also complains about false disciplinary charges that were leveled against him while he was incarcerated at Wasco State Prison, attempts to dispute facts underlying his underlying criminal conviction, the loss of his personal property at High Desert State Prison and unprofessional behavior by prison staff.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

In his amended complaint, plaintiff must provide additional allegations concerning his medical care and retaliation claims.  Plaintiff is cautioned that this action is limited to actions which occurred at High Desert State Prison.  Plaintiff should not reassert claims that were made in his other civil rights cases with this court.  In addition, claims concerning conditions of his confinement at Wasco State Prison must be raised in a separate civil rights action filed in the Fresno Division of the  U.S. District Court for the Eastern District of California.

Plaintiff is provided the following legal standards applicable to claims alleging inadequate medical care and retaliation.  In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions

sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A claim of constitutionally inadequate medical care has two elements:  "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

      A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury of the 'unnecessary and wanton infliction of pain.'" 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60.  In demonstrating the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

      Next, plaintiff must provide allegations demonstrating that defendant responded to the serious medical need with deliberate indifference.  Allegations of facts that would establish that a defendant acted with deliberate indifference are required to satisfy the subjective prong of the two-part test that is applicable to any Eighth Amendment claim.  Farmer, 511 U.S. at 834.

      Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).  In addition, mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir. 1981).

/////

1    To state a claim of retaliation under section 1983, a prisoner must provide
2 allegations demonstrating that (1) prison officials retaliated against him for exercising his
3 constitutional rights, and (2) the retaliatory action does not advance legitimate goals of the
4 correctional institution or is not narrowly tailored to achieve those goals.  See Rizzo v. Dawson,
5 778 F.2d 527, 532 (9th Cir. 1985).  A prisoner must also demonstrate that the protected conduct
6 was a substantial or motivating factor for the alleged retaliatory acts.  See Mt. Healthy City Board
7 of Ed. v. Doyle, 429 U.S. 274, 285-87 (1977).  Retaliatory motive may be inferred from the
8 timing and nature of the alleged retaliatory activities.  See Soranno's Gasco, Inc. v. Morgan, 874
9 F.2d 1310, 1314-16 (9th Cir. 1989).  Bare allegations are insufficient to avoid summary dismissal
10 of a retaliation claim.  See Rizzo, 778 F.2d at 532, n.4; see also Leer v. Murphy, 844 F.2d 628,
11 634 (9th Cir. 1988).

12    Also, the complaint must allege in specific terms how each named defendant is
13 involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link
14 or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423
15 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588
16 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official
17 participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,
18 268 (9th Cir. 1982).  The court notes that plaintiff has failed to set forth any allegations
19 concerning defendant Dr. James.  In addition, plaintiff has named the "entire medical staff from
20 medical technicians[,] doctors, registered nurses to the head chief of medical" as defendants.  As
21 indicated above, plaintiff must provide specific allegations concerning the conduct of each
22 named defendant.  The court will not order service of a complaint on an entire medical
23 department.

24    Plaintiff is also cautioned that allegations concerning the validity of his conviction
25 are not cognizable in this civil rights action.  When a prisoner challenges the fact or duration of
26 his custody and a determination of his action may result in plaintiff's entitlement to an earlier

5

release, his sole federal remedy is a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990).

As to plaintiff's claim concerning the loss of his personal property, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Lastly, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $0.70.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

1    4.  Plaintiff is granted thirty days from the date of service of this order to file an
2 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
3 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
4 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must use
5 the form complaint provided by the court and attachments to the form complaint may not exceed
6 ten pages[1]; plaintiff must file an original and two copies of the amended complaint; failure to file
7 an amended complaint in accordance with this order will result in a recommendation that this
8 action be dismissed.
9    5.  The Clerk of the Court is directed to provide plaintiff with the court's form
10 complaint for a § 1983 action.
11 DATED: October 13, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
chat2317.14

---

[1] At this stage of the litigation, it is not necessary for plaintiff to provide copies of his medical records or to provide a legal brief in support of his claims.

7